

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

Direct Number: +1.212.326.3472
mdvorak@jonesday.com

February 28, 2024

> Application GRANTED.  The parties shall meet before the Court on **March 14, 2024, at 10:30 a.m. (E.T.)**.  The parties are directed to dial 646-453-4442, enter the meeting code 598676493, and press pound (#).  Plaintiff shall file its opposition to Defendant's request, if any, by **March 8, 2024**.
>
> SO ORDERED.  The Clerk of Court is respectfully requested to terminate ECF No. 32.
>
> Dale E. Ho
> United States District Judge
> New York, New York
> Dated: March 5, 2024

VIA ECF

Honorable Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Batra v. Experian Information Solutions, Inc.</u>, No. 1:23-cv-06408-DEH, Letter Motion for Protective Order re 30(b)(6) Deposition Topics

Dear Judge Ho:

  I write on behalf of Experian Information Solutions, Inc. ("Experian") pursuant to F.R.C.P. 26(c) and Your Honor's Individual Rule 4(j) to move for a conference to seek a protective order striking eight of Plaintiff's excessively high 57 noticed Rule 30(b)(6) deposition topics, which were served on Experian just two weeks before the date in the notice, February 29, 2024.  Experian offered this date to Plaintiff's counsel in December 2023, yet Plaintiff did not serve a notice or topics until February 15, 2024.  The parties met and conferred regarding Experian's objections to the notice on February 23, 2024, but were unable to reach a complete agreement as to the scope of the deposition, after Plaintiff refused to withdraw a single topic.  The parties agreed to postpone the deposition to allow time for the Court to rule on this motion.

  This matter involves simple and straightforward claims brought by plaintiff Rajvir Batra.  Plaintiff wrote to Experian in November 2021 to dispute the accuracy of six credit accounts he alleged to have been fraudulently opened by an identity thief.  Plaintiff did not provide Experian with documentation of his claims of identity theft, such as a police report or affidavit.  Experian contacted the companies who furnished the credit information about these accounts to Experian.  Two of those companies instructed Experian to remove their accounts, and the other four verified that the accounts were legitimate and belonged to Plaintiff.  After suing all four of these companies and reaching settlements with each of them, Plaintiff commenced this suit in July 2023, alleging that Experian's refusal to remove the four accounts from Plaintiff's credit profile violated the FCRA's requirements to "conduct a reasonable reinvestigation" of the disputed accounts and "follow reasonable procedures to assure maximum possible accuracy."  15 U.S.C. §§ 1681e(b), 1681(i).

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Honorable Dale E. Ho
February 28, 2024
Page 2

      In December 2023, Experian informed Plaintiff's counsel that if they wished to take a 30(b)(6) deposition of Experian, then Experian's witness would be available the week of February 26, 2024.  After Experian's repeated inquiries to Plaintiff's counsel to set a deposition date, Plaintiff's counsel responded on February 13, 2024, agreeing to take the deposition of Experian's corporate representative on February 29.  On February 15, Plaintiff's counsel served a draft notice of deposition on Experian, listing an unreasonably high 57 discrete topics for the 30(b)(6) deposition.  The following week, on February 23 from 12-1:15 PM ET, Experian and Plaintiff met and conferred regarding the 30(b)(6) deposition topics.  During this conference, Experian reached agreement with Plaintiff to modify certain of the topics and agree to others, but could not reach total agreement, as Plaintiff refused to withdraw a single topic.  Experian then communicated that it would seek a protective order from the Court.  Plaintiff served a finalized notice on February 24.  The parties agreed to postpone the deposition to allow time for the Court to rule on this motion.

      Pursuant to F.R.C.P. 26(c)(1), a Court has the discretion to issue a protective order or limit the scope of a Rule 30(b)(6) deposition notice.  *See Fung-Schwartz v. Cerner Corp.*, 2020 WL 5253224, at *1 (S.D.N.Y. Sept. 2, 2020).  Where 30(b)(6) topics are "vaguely worded, seek irrelevant information, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics."  *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022) (citing *Fung*, 2020 WL 5253224 at *2-*4).

      That is precisely the case here, where the eight disputed topics far exceed the discovery to which Plaintiff is entitled under F.R.C.P. 26(b)(1).  These topics seek information irrelevant to any party's claim or defense and disproportional to the needs of the case, straying far beyond the individual consumer claims at issue in this action.  Accordingly, these topics would place an undue burden on Experian to prepare its 30(b)(6) witness.  Plaintiff's notice of deposition is attached as Ex. A.  The eight topics addressed in this motion are 29, 34, 36, 37, 47, 48, 55, and 56.

- **Topics 29 and 34**: Topic 29 requests testimony as to the "cost of each ACDV investigation." ACDV refers to the industry-standard form used by credit reporting agencies such as Experian to contact credit data furnishers about a consumer's dispute of credit information they supplied.  Topic 34 seeks "the cost of dispute reinvestigations."  The cost of reinvestigations is not relevant to the reasonableness of Experian's reinvestigation of Plaintiff's single dispute.  Experian has already produced documents that show exactly how it reinvestigated that dispute.

- **Topics 36 and 37**: These topics seek testimony as to Experian's systems for compensating and evaluating third-party agents who conduct reinvestigations of credit disputes by consumers.  This general information about employment arrangements is not relevant to how

JONES DAY

Honorable Dale E. Ho
February 28, 2024
Page 3

    Experian reinvestigated Plaintiff's dispute. Experian has produced documents showing its reinvestigation and has agreed to provide 30(b)(6) testimony as to its reinvestigation (*see* topics 20, 21, 23, 25, 31, 35, 49, 54).

- **Topic 47**: Plaintiff contends that Experian's net worth as a company would be relevant to punitive damages, if there is a finding that Experian willfully violated the FCRA. Even then, the net worth of the entire company cannot actually be instructive as to any damages award relating to a single one plaintiff's claims.

- **Topic 48**: Experian receives a large amount of consumer complaints, many of which have no merit. It would be extremely burdensome to collect and produce information about all of the complaints Experian has received over four years that relate to a specific type of consumer dispute at this stage. This request goes beyond the needs of this individual consumer case. Additionally, lawsuit information is public and equally available to plaintiff.

- **Topic 55**: This topic inquires into Experian's communications with data furnishers regarding a district court decision from the Eastern District of Virginia, which is not binding in this case. Such a topic inherently involves legal impressions and conclusions and is inappropriate for a 30(b)(6) deposition.

- **Topic 56**: "Monies paid by the Furnishers to Experian" is entirely irrelevant to the facts at issue here: whether Experian's credit reporting procedures were reasonable and whether it reasonably reinvestigated Plaintiff's single dispute with Experian.

    Accordingly, Experian asks Your Honor to hold a conference for a protective order striking Plaintiff's noticed 30(b)(6) deposition topics 29, 34, 36, 37, 47, 48, 55, and 56.

    Respectfully submitted,

    Maxwell C. Dvorak

    *Counsel for Defendant*
    *Experian Information Solutions, Inc.*

cc:    All counsel of record (via ECF)