UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJVIR BATRA,<br><br>                              Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                              Defendant. | 23-CV-6408 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On February 28, 2024, Defendant moved for a discovery conference to discuss its motion to strike eight of Plaintiff's 57 noticed Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition topics ("Topics").  ECF No. 32.  Also on February 28, 2024, the parties filed a request to extend all discovery deadlines.  ECF No. 33.  On March 5, 2024, the Court scheduled the discovery conference to take place on March 14, 2024, and it granted the parties' deadline extension request.  ECF Nos. 35, 37.  On March 7, 2024, with Plaintiff's consent, Defendant filed a request to adjourn the discovery conference to a later date.  ECF No. 38.  The Court granted that request, and the parties met before the Court on March 25, 2024.  *See* ECF No. 39. Having reviewed the parties' filings and statements on the record, the Court holds that Defendant's motion to strike is **DENIED** in part and **GRANTED** in part, as detailed below:

- Defendant's motion to strike **Topics 29** and **34** is **DENIED**.  Relevance is a "low threshold, easily satisfied." *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019).  Costs and expenses related to Experian's investigations are relevant to the reasonableness of Experian's actions.  Plaintiff clears the relevance threshold, and Defendant fails to demonstrate how a deposition on these topics would be overly burdensome.  On the record before the Court, Defendant raised concerns regarding the difficulty of ascertaining the costs of any particular investigation conducted by Experian.  Defendant is advised that to meet its discovery obligations, it is not required to generate information or reports that it does not already have.

- Defendant's motion to strike **Topics 36** and **37** is **DENIED**.  Testimony on the manner in which Experian compensates its reinvestigation staff is relevant to the reasonableness of Experian's actions, and Defendant fails to demonstrate how a deposition on these topics would be overly burdensome.

- Defendant's motion to strike **Topics 47** and **56** is **DENIED** as moot.  The parties represented on the record before the Court that they will resolve these matters without the Court's intervention.

- Defendant's motion to strike **Topic 48** is **DENIED** without prejudice to renewal.  The parties are directed to meet and confer on this topic, given representations made on the record by Plaintiff's counsel's that it will narrow this topic to address Defendant's concerns.

- Defendant's motion to strike **Topic 55** is **GRANTED**.  This topic inquires into Experian's communications with data furnishers regarding a district court decision from the Eastern District of Virginia, which is not binding in this case.  Plaintiff fails to demonstrate that it is either relevant or proportional to the needs of this case.

SO ORDERED.

Dated: March 26, 2024
New York, New York

                                                                         DALE E. HO
                                                        United States District Judge